**UNITED STATES of America, Appellee,**

**v.**

**Cornelius Allen BUTLER, Appellant.**

**No. 12030.**

United States Court of Appeals
Fourth Circuit.

Argued March 7, 1969.

Decided April 25, 1969.

Rutherford C. Lake, Jr., Newport News, Va., (Court-appointed counsel) for appellant.

James A. Oast, Jr., Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on brief) for appellee.

Before SOBELOFF, WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

On this direct appeal, Cornelius Allen Butler contends that the jury which found him guilty of robbing a federally insured bank in violation of 18 U.S.C. § 2113(a) was improperly instructed on the issue of insanity. He maintains that the District Court erred in refusing his counsel's request that the charge to the jury be given in accordance with the rule formulated by the American Law Institute.[1] Butler was tried on December 12, 1967, and the District Court charged the jury generally in terms of the insanity test then prevailing in this circuit—the *M'Naghten* rule with the irresistible impulse complement. Four months later, on April 4, 1968, this court approved the A.L.I. formulation in United States v. Chandler, 393 F.2d 920 (4

---

1. The A.L.I. rule provides:

(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

(2) The terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise anti-social conduct.

Cir. 1968). This appeal was pending on the date of the *Chandler* decision.

We find no reversible error and affirm Butler's conviction. Although the instruction did not fully comply with the now preferred formulation, Butler received a fair charge on the insanity issue, one in substantial compliance with the A.L.I. rule. The jury was specifically instructed as to both the cognitive and volitional elements of legal insanity, and was directed to acquit unless it found beyond a reasonable doubt that when the defendant committed the robbery he knew the nature of his act and had the capacity to control his conduct. Appellant's able and zealous counsel on appeal was unable to point to any significant difference between the charge given and the one refused. See United States v. Wilson, 399 F.2d 459 (4 Cir. 1968).

Appellant puts an unwarranted reliance on *Chandler*. The whole tenor of that decision was to discourage a formalistic straitjacket in the examination of witnesses and in the instructions to the jury. This court's aim was to promote utmost freedom of communication among the participants in the trial. Under the old rules, the scope of psychiatric testimony had been severely restricted by many courts, and this, as we noted, had resulted in grave problems in the trial of cases involving the insanity defense. The dissatisfaction with the *M'Naghten* rule, as traditionally applied, has been discussed extensively in the legal literature and more recently in a number of appellate cases. Such cases as Durham v. United States, 94 U.S.App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430 (1954), United States v. Currens, 290 F.2d 751 (3 Cir. 1961), Wion v. United States, 325 F.2d 420 (10 Cir. 1963), United States v. Freeman, 357 F.2d 606 (2 Cir. 1966), and United States v. Shapiro, 383 F.2d 680 (7 Cir. 1967) were attempts to liberate the trial from the unnatural restraints imposed by *M'Naghten* or self-

imposed by the courts.[2] In *Chandler* we approvingly observed of the A.L.I. rule that it "imposes no limitation upon their [medical witnesses'] testimony." Our opinion stressed that a wide-ranging examination should be permitted with the objective of a full exposition before the jury of the defendant's personality and mental processes. We noted the importance of avoiding over-use of diagnostic labels and conclusionary medical terms and pointed out the necessity, whenever they are used, of explaining their meaning to the jury in language understandable to jurors. We also were careful to emphasize that the utility of psychiatric testimony does not reside in the mechanical formulation of questions and equally uncritical responses.

The propriety of a jury charge depends on the character of the testimony developed at the trial. In the present case only two psychiatrists testified, both having been called by the defense. Having examined Butler before the trial at St. Elizabeth's Hospital in Washington, they gave it as their opinion that Butler was suffering from "schizophrenic reaction, chronic un-differentiated type" and that he was "prepsychotic." While both stated that the defendant's mental condition caused him to be completely unconcerned with the fact that in robbing the bank he was violating the law, they emphatically expressed the view that at the time of the robbery he not only knew that he was breaking the law and that this was wrong, but also that he had sufficient powers of volition to be fully in control of his acts. Under questioning by counsel for both sides the facts underlying the expert opinions were sufficiently developed to furnish the jury a basis for judgment. Although certain aspects of the medical testimony may not fit neatly into the respective theories of the prosecution or the defense, the defendant was, in our view, afforded a full and fair hearing on the insanity issue.

---

2 For a compilation of the federal cases on the insanity issue, see appendix to the court's opinion in Pope v. United States, 372 F.2d 710 (8 Cir. 1967), vacated on other grounds, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968).

Upon this state of the record, the instruction given was an apt statement of the law and supplied the jury proper standards to guide it to a true verdict.[3] The appellant's insistence that his conviction should be set aside because the charge to the jury was not framed in the very words chosen by the American Law Institute in its Model Penal Code is not consistent with the spirit of that document.

While *Chandler* stated a preference for the A.L.I. formulation, it expressly rejected the notion that a particular verbal formula should be used in every case. As to the form of the charge to be given in future insanity trials, the opinion declared:

> There should be room for adaptation to the exigencies of particular cases and still larger room for constructive innovation and improvement. We embrace today's advances, but we abjure any formalistic approach which might foreclose variation. We should not prescribe for invariable use a form of words which may be less appropriate than another in the light of the testimony in a particular case and which might tend to live on long after more rational solutions have been uncovered.

> In short, while our approval of the American Law Institute's formulation is unequivocal and unreserved, we proscribe no other form of words which may appear more appropriate in a given case now or in cases generally in the future. 393 F.2d at 927.

Reiterating our endorsement of the A.L.I. formulation and strongly urging its use in appropriate cases, we conclude that the District Judge's minor deviation in the instant case from that formulation did not taint the trial.

Accordingly, the judgment of the District Court is

Affirmed.

---

3. There is wisdom in the observation of Judge Blackmun of the Eighth Circuit in Pope v. United States, 372 F.2d 710, 736 (1967), vacated on other grounds, 392 U. S. 651, 88 S.Ct. 2145 (1968), that

[I]f the charge appropriately embraces and requires positive conclusions by the jury as to the defendant's cognition, his volition, and his capacity to control his behavior, and if these three elements of knowledge, will and choice are emphasized in the charge as essential and critical constituents of legal sanity, we shall usually regard the charge as legally sufficient.